UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 2:09-CR-00006-BR
NO: 2:11-CV-00074-BR

| | | |
|---|---|---|
| ROBERT AUSTIN HALL | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

This matter is before the court for initial review of this 28 U.S.C. § 2255 petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 5 October 2009, pursuant to a plea agreement, petitioner pled guilty to three counts: theft of firearms and aiding and abetting (Count 1); dealing in firearms without a license and aiding and abetting (Count 9); and transporting firearms (Count 11). As part of the plea agreement, petitioner agreed "[t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed . . . and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." (Pl. Ag. ¶ 2(c).) On 8 March 2010, petitioner was sentenced to a 108-month term

of imprisonment, to run consecutive to any other sentence defendant was serving.[1] According to NC DOC records, petitioner has been in state custody since 2007, serving a term of imprisonment for second degree murder. See http://www.doc.state.nc.us/offenders/. He did not appeal his conviction or sentence in the instant federal case.

On 31 January 2011, petitioner filed a petition pursuant to 28 U.S.C. § 2254. Because the petition attacked the instant sentence, the court, with petitioner's consent, recharacterized the petition as one filed pursuant to 28 U.S.C. § 2255. (12/31/11 Order.) Pursuant to the court's order, petitioner filed the instant petition on 20 January 2012.

Because petitioner's plea agreement contains a post-conviction rights waiver, the court first examines whether that waiver is valid. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner suggests nothing irregular about his plea. At petitioner's plea hearing, the court found that petitioner had entered into the plea agreement freely and voluntarily. There is no ground for altering that determination, and the court will enforce petitioner's waiver of post-conviction rights contained within the plea agreement.

Having so found, the court must determine whether petitioner's claims are within the scope of the waiver. See Henderson v. United States, Nos. 5:05-CR-163-FL, 5:08-CV-319-FL, 2009 WL 1578578, at *2 (E.D.N.C. June 4, 2009). Petitioner asserts three identical claims– he requests that the "enhance law" be applied to his "three sentences." (Pet., DE # 64, at 4, 5, 7.) Petitioner asks that the court order his federal sentence to run concurrently with his state

---

[1] The term of imprisonment consists of 108 months on Count 1; 108 months on Count 9, to run concurrently with Count 1; and 108 months on Count 11, to run concurrently with Counts 1 and 9.

sentence. (See id. at 11, 12.) Because petitioner's claims are not based upon ineffective assistance of counsel or prosecutorial misconduct, they fall within the scope of the post-conviction rights waiver.

The petition is DISMISSED.

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 30 January 2012.

                                                    W. Earl Britt
                                                    Senior U.S. District Judge